UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRITTZ GERALD TOUSSAINT,<br><br>                              Plaintiff,<br><br>v.<br><br>LINDA BENHOELFER,<br><br>                              Defendant. | Case No.: 3:22-cv-00634-WQH-AGS<br><br>**ORDER** |

HAYES, Judge:

   The matter before the Court is the Motion for Leave to Proceed In Forma Pauperis (ECF No. 4) filed by Plaintiff Fritz Gerald Toussaint.

**I.   PROCEDURAL BACKGROUND**

   On March 4, 2022, Plaintiff initiated this action by filing a Complaint against Defendant Linda Benhoelfer in the Eastern District of New York. (ECF No. 1). On April 26, 2022, Plaintiff filed the Motion for Leave to Proceed In Forma Pauperis. (ECF No. 4). On May 6, 2022, the case was transferred to this Court. (ECF No. 5).

**II.   MOTION FOR LEAVE TO PROCEED IFP**

   All parties instituting a civil action in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $400.00. *See* 28 U.S.C. § 1914(a); CivLR 4.5. An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See*

*Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

Plaintiff states in his application to proceed in forma pauperis that he receives about $377.00 in gross pay or wages per month. (ECF No. 4 at 1). Plaintiff states that he has about $23.00 in cash or in a checking or savings account. (*Id.* at 2). After considering Plaintiff's application, the Court determines that Plaintiff cannot afford to pay the filing fee in this case and is eligible to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### III. INITIAL SCREENING OF THE COMPLAINT

The court is required to screen cases filed by parties proceeding in forma pauperis. 28 U.S.C. § 1915(e)(2) states that

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). "The purpose of [screening] is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding." *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014). The standard used to evaluate whether a complaint states a claim is a liberal one, particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "However, a liberal interpretation . . . may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). Detailed factual allegations are not required but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[T]he mere possibility of misconduct" or "an unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id.* at 678-79. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quotations and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

The Complaint alleges that Defendant violated Plaintiff's constitutional rights between November 2021 and January 2022, while acting as Plaintiff's lawyer in a criminal matter. The Complaint alleges that Defendant "was a prospective lawyer the Hudson County public defender selected" who "revealed protected facts that [Plaintiff] hadn't authorized." (ECF No. 1 at 4). The Complaint alleges that "when meeting [ ] Plaintiff for the first time . . . [Defendant] was rude and couldn't answer the Plaintiff's questions though Plaintiff had been asking for a long time." (*Id.*). The Complaint alleges that Defendant "was fired that day and was told 'tell the judge that I am representing myself.'" (*Id.*). The Complaint alleges that "Plaintiff has been on pretrial release and . . . is forced [to] attend[] meetings with a probation officer though he was never told [Defendant] decided for him [sic]." (*Id.* at 5). Plaintiff seeks compensatory and punitive damages, as well as the

"establishment of safeguards from the type of abuses I suffered while being a client of Defendant." (*Id.*).

"A person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). "Within the context of our legal system, the duties of a defense lawyer are those of a personal counselor and advocate," which "is essentially a private function . . . for which state office and authority are not needed." (*Id.* at 318-19). The fact that a defense lawyer is appointed or paid by the state is "insufficient to establish that [the attorney] acts under color of state law within the meaning of § 1983." (*Id.* at 321). As a result, a defense lawyer "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." (*Id.* at 325). Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.[1]

## IV.   CONCLUSION

IT IS HEREBY ORDERED that the Motion for Leave to Proceed in Forma Pauperis filed by Plaintiff Fritz Gerald Toussaint (ECF No. 4) is granted.

IT IS FURTHER ORDERED that the Complaint (ECF No. 1) is dismissed without prejudice for failure to state a claim upon which relief can be granted. Plaintiff Fritz Gerald Toussaint may file a motion to file an amended complaint within sixty (60) days of the date of this Order. If no motion is filed, the Clerk of the Court shall close this case. The Clerk of the Court is directed to mail a copy of this Order to Plaintiff.

Dated: May 10, 2022

Hon. William Q. Hayes
United States District Court

---

[1] This Order does not bar Plaintiff from bringing an action for malpractice under state tort law or initiating habeas corpus proceedings.